# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
─────────

jandrophy@faillacelaw.com

October 23, 2019

**BY ECF**
Hon. J. Paul Oetken
United States District Judge
United States District Court
Southern District of New York
40 Centre Street
New York, NY 10007

　　　　　**Re:**　　　　Acosta Ibarra, et al. v. El Cocotero Inc., et al
　　　　　　　　　　　　Case No. 18-cv-4826 (JPO) (SN)

Dear Judge Netburn:

　　This office represents Plaintiffs in the above referenced matters.  Plaintiffs write to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

　　The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions, including a settlement conference before Your Honor.  A copy of the Agreement is attached hereto as "Exhibit A."  We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.  The parties are also aware of the decision in <u>Wolinsky v. Scholastic Inc.</u>, 900 F.Supp.2d 332 (S.D.N.Y., 2012), and represent to the Court that while the settlement amount is less than the judgment amounts Plaintiffs could obtain upon prevailing at trial, the settlement is fair, as discussed herein.

1. **Background**

　　Plaintiffs filed their Complaints against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act,

N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff Acosta alleged he was employed by Defendants from approximately September 2017 until April 2018. During that period Plaintiff Acosta worked on average approximately 68.5 hours per week. Defendants paid Plaintiff Acosta $10 per hour, but not time and one half for overtime hours.

Plaintiff Jimenez alleged he worked for Defendants from approximately April 18, 2017 to May 2, 2017 at the New Jersey location, and from May 3, 2017 to October 2017 at the New York location. Plaintiff Jimenez typically worked 66 hours per week for the weeks at the New Jersey location, and 64 to 73 hours per week for his work at the New York location. Defendants paid Plaintiff Jimenez $10 per hour, but not time and one half for overtime hours.

Plaintiffs' allegations, if proven, would have entitled them to recover approximately $63,000 in total. This includes minimum and overtime wages to plaintiff Acosta Ibarra of approximately $10,132 and to plaintiff Jimenez of approximately $5,666.

Defendants disputed the allegations, in particular the amount of hours Plaintiffs alleged they worked per week for Defendants.

2. **Settlement Terms**

The parties have agreed to settle this action for the total sum of $35,000. The settlement will be paid in a single payment 30 days after Court approval of the agreement.

Plaintiffs' attorneys' costs actually incurred total $695.24. After deducting the $695.24 in costs, the total settlement is $34,304.76. Plaintiffs' attorneys will receive 1/3 of that amount,

$11,434.92, plus $695.24 in costs, for a total of $12,130.16. Plaintiffs themselves collectively will receive $23,769.40, proportional to their calculated potential recovery in a judgment.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Here, the settlement reflects a reasonable compromise. While Plaintiffs will receive less than their potential total recovery, they will receive more than their alleged minimum and overtime wages owed. The settlement is a reflection both of the merits of the action as well as the potential challenges in judgment enforcement. Through negotiations it became apparent that given the size of a potential judgment, and the nature of Defendants' businesses, the Plaintiffs would obtain the maximum recovery in a reasonably short time through settlement rather than continuing the litigation and then pursuing judgment enforcement efforts.

This settlement is the result of hard-fought adversarial litigation and negotiation, and was reached on the eve of a settlement conference before Your Honor. Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **<u>Plaintiffs' Attorneys' Fees are Fair and Reasonable</u>**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $11,434.92 from the settlement fund as attorneys' fees and $695.24 as costs. This represents one third of the recovery in this litigation, which is a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Quiroz v. NYC Bldg. Mgmt. LLC,* 2017 U.S. Dist. LEXIS 141162, \*6 (S.D.N.Y. Aug. 30, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Palacio v. E\*TRADE Fin. Corp.*, 2012 U.S. Dist. LEXIS 88019, \*18-\*19, 2012 WL 2384419 (S.D.N.Y. June 22, 2012) ("A percentage-of-recovery fee award on one-third is consistent with the Second Circuit's decision in *Arbor Hill*"); *Ezpino v. CDL Underground Specialists, Inc.,* 2017 U.S. Dist. LEXIS 103012, \*8 (E.D.N.Y. June 30, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' attorneys' requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result for their clients, after years of hard-fought litigation. A brief biography of each attorney who performed billed work in this matter is as follows:

        i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis, and is indicated by my initials "MF.". Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

        ii.      Joshua Androphy, senior attorney at Michael Faillace & Associates, P.C., is billed at an hourly rate of $400.00. This is his standard rate for matters on which he is paid at an hourly rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where Androphy practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. At his departure from Olshan Frome Wolosky LLP Androphy's work was billed at the rate of $450 per hour. Since joining Michael Faillace & Associates, P.C. in 2012, he has been responsible for litigating all aspects of employment claims in state and federal court. Androphy has served as lead trial counsel on more than twenty FLSA trials in his years since joining this firm. Androphy was named a Super Lawyers

Rising Star in 2014, 2015, 2016, 2017, and 2018. Work performed by Androphy is indicated by the initials "JA."

iii. Sara Isaacson, a former litigation associate at Michael Faillace & Associates, P.C., is billed at the rate of $350 per hour. Following law school, she worked at a commercial litigation firm, which also specialized in defending wage and hour cases. Since joining the undersigned firm in May 2017, she was responsible for all aspects of the firm's employment docket in federal court. Work performed by Ms. Isaacson is indicated by the initials "SI."

iv. Paralegal work is billed at the rate of $100 per hour, and is indicated by the initials "PL".

Using these rates, Plaintiffs' lodestar attorneys' fee amount is $5,320.00. (*See* Ex. B)

The amount Plaintiffs' attorneys' will receive as their one-third contingency fee, $11,434.92 is approximately two times the amount of their lodestar calculation, further confirming the reasonableness of the attorneys' fees. *See Quiroz*, 2017 U.S. Dist. LEXIS 141162, *3, *7 (approving attorneys' fees of $30,000 where lodestar was $12,190; "in light of counsel's experience litigating these cases and the good result obtained for Plaintiffs, it is this Court's view that Plaintiffs' counsel should not be penalized for settling this action early and efficiently").

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Joshua S. Androphy  
Joshua S. Androphy  
MICHAEL FAILLACE & ASSOCIATES, P.C.  
Attorneys for the Plaintiff

Enclosures